UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTHONY T. WILLIAMS,

    Plaintiff,

v.                                                   Case No.  4:24-cv-485-WS/MJF

DEPARTMENT OF CORRECTIONS,
*et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

For the reasons set forth below, the undersigned recommends that the District Court deny Plaintiff's "Petition for Writ of Mandamus," Doc. 9.

### I.   PROCEDURAL BACKGROUND

On December 3, 2024, Plaintiff filed a "Petition for Writ of Mandamus," Doc. 1. After review of the petition, the undersigned determined that Plaintiff intended to initiate a civil action under 42 U.S.C. § 1983. Doc. 3; *see also* N.D. Fla. Loc. R. 5.7(A) (defining a civil-rights action); *Torres v. Miami-Dade Cnty., Fla.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("[F]ederal courts must sometimes look beyond the labels

used in a pro se party's complaint and focus on the content and substance of the allegations.").

The undersigned ordered Plaintiff to file a complaint utilizing the Northern District's civil-rights complaint form. Plaintiff initially complied, Doc. 4, but then filed an amended complaint that did not use the court-approved form, Doc. 7. The undersigned has ordered Plaintiff to amend the complaint using the court-approved form. Doc. 10.

In addition to filing the amended complaint, Plaintiff filed another "Petition for Writ of Mandamus." Doc. 9. The petition repeats the same facts, complaints, and constitutional arguments included in his initial pleading, Doc. 1. Plaintiff requests the court issue orders to Chris Lane, Warden of Suwannee Correctional Institution, and John Does 1–100, to:

    1.    set up a day and time that Plaintiff can use the chapel to practice his faith with other members of his faith;

    2.    provide Plaintiff a religious diet;

    3.    provide personal hygiene items, weekly or as-needed;

    4.    require compliance with Health Department mandated temperature controls for serving food;

    5.    require compliance by the kitchen staff for washing, cleaning, and drying trays;

    6.    place Plaintiff on law library call out weekly;

7. allow Plaintiff to set up attorney calls and visits;

8. allow retrieval of all mail from family, loved ones, and friends;

9. allow access to "the kiosk" in confinement to receive mail from family, loved ones, and friends;

10. require immediate issuance of "tablets" to those inmates who do not have one;

11. require immediate printouts of all emails sent to inmates through "the kiosk";

12. require a policy report from Defendants on interrupting and stopping the sell of drugs, drug use, and violence at Suwannee CI;

13. require a non-retaliation, non-harassment, non-violence, non-disciplinary reaction from Defendants, and allow Plaintiff freedom of movement;

14. require a weekly report from Plaintiff about Defendants' compliance with all court orders;

15. print off and post on bulletin boards in each dorm or compound the court's orders/directives regarding Plaintiff's requests;

16. direct Defendants to immediately adhere to its grooming policy and provide clippers and shaver to Plaintiff three-times a week;

17. cease and desist the use of profanity or abusive language towards Plaintiff or in Plaintiff's presence;

    18.    place surveillance cameras in the "Sally Port area";

    19.    require immediate medical care for all inmates in need of medical attention, especially in confinement;

    20.    immediately start providing carbon-copies of all grievances and requests filed by inmates; and

    21.    require the immediate scheduling of a dental appointment for Plaintiff.

*See* Doc. 9 at 5–7.

## II. DISCUSSION

The District Court should deny Plaintiff's petition for at least two reasons. First, the federal mandamus statute, 28 U.S.C. § 1361, does not permit relief against state actors. *See* 28 U.S.C. § 1361. Second, a federal statute—42 U.S.C. § 1983—addresses the particular constitutional issues raised in this lawsuit. Thus, the civil rights statute, and not the All Writs Act, controls. *See Penn. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985) (The All Writs Act, now codified as 28 U.S.C. § 1651(a), "is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.").

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Plaintiff's "Petition for Writ of Mandamus." Doc. 9.

At Pensacola, Florida, this 6th day of February, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**